# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                      Plaintiff,<br>v.<br><br>OFFICER FISHER,<br><br>                      Defendant. | Case No. 21-cv-1443-MMA (LL)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION FOR BAIL**<br><br>[Doc. No. 24] |

On August 9, 2021, Pedro Rodriguez ("Petitioner"), preceding *pro se,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1 ("Petition"). Petitioner now moves for a temporary restraining order and preliminary injunction for bail. Doc. No. 24. Because Petitioner seeks an order directing his release from custody on bail, the Court construes it as a request for bail pending resolution of the habeas corpus proceedings.

In his motion, Petitioner asserts that he "has a strong likelihood of success on the merits . . . , equal protection of the law under Cal Const I § 32 et seq, and exigent circumstances exist as the Petitioner is continually exposed to COVID-19." Doc. No. 24 at 1. As one means of support, Petitioner argues that new law and certain court cases

impact his sentence and eligibility for parole, thereby causing constitutional violations. *See generally* Petition at 16–21.

The Ninth Circuit has not decided whether district courts have the authority to release a habeas corpus petitioner on bail pending habeas corpus proceedings resolution. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001).  However, the Ninth Circuit notes that, assuming a district court does have "the authority to release a state prisoner on bail pending resolution of habeas proceedings," it is "reserved for extraordinary cases involving special circumstances or a high probability of success." *Id.*; *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989).

Regardless of the Court's authority, Petitioner does not satisfy either of the Ninth Circuit's factors.  Having thoroughly reviewed the record, the Court finds Petitioner fails to meet the high burden of demonstrating a high probability of success or special circumstances warranting bail.  Accordingly, the Court **DENIES** Petitioner's motion.

**IT IS SO ORDERED**.

Dated:  December 3, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge