UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>　　　　　　　　　　Respondent. | Case No.: 21-CV-1443-MMA(WVG)<br><br>**ORDER DENYING PETITIONER'S EX PARTE REQUEST FOR ORDER DIRECTING SAN DIEGO SHERIFFS TO RECOGNIZE PETITIONER AS PRO PER LITIGANT**<br><br>**[ECF No. 34]** |

　　　　Pedro Rodriguez ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has also filed "motion for order directing Sheriffs to recognize Petitioners [sic] pro se status under *Bounds v. Smith*." (ECF No. 34.) He explains he has "been continuously quarantined [as a result of the ongoing global pandemic], continuously denied law library access and caselaw, and denied access to his own legal work product and reference books." (*Id*. at 1.) He also engages in other unrelated discussions about his parole eligibility, which is the subject of the underlying Petition and which the Court will not discuss here. He seeks an Order "directing the San Diego Sheriff to recognize Petitioners [sic] pro se status and allow

1

access to law library [sic] as well as the Petitioners [sic] own legal work product." (*Id.* at 11.)

The Supreme Court has stated that it is "beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Court in *Bounds* held that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. However, "inmates alleging a violation of *Bounds* must show actual injury," a prerequisite to establish standing. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Because the basic right provides simply for access to courts rather than any particular means of access—such as library resources or free transcripts—an actual injury to the right requires a showing that the prisoner was "hindered [in] his efforts to pursue a legal claim." *Id.* at 351. The right of access-to-courts remains extremely limited. For instance, it applies only in cases where inmates "attack their sentences, directly or collaterally, and[] challenge the conditions of their confinement," *id.* at 355, and only during the pleading stage of such actions, *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995).

Forward-looking access-to-courts claims—like the one Petitioner asserts here—allege that a state actor is currently frustrating the plaintiff's attempt to prepare or file a suit. *Christopher v. Harbury*, 536 U.S. 403, 413 (2002) (citing *Bounds*, 430 U.S. at 828 as an example of a forward-looking claim seeking a law library to prepare a present case). Two distinct elements must be present in a forward-looking claim: (1) an arguable or nonfrivolous underlying claim, and (2) the present foreclosure of any meaningful opportunity to pursue that claim. *See Parrish v. Solis*, No. 11CV1438, 2014 WL 1921154, at *12 (N.D. Cal. May 13, 2014) (citing *Broudy v. Mather*, 460 F.3d 106, 120-21 (D.C. Cir. 2006) (synthesizing the requirements of forward-looking claims in *Harbury* and *Lewis*); *see also Harbury*, 536 U.S. at 413 (a plaintiff who alleges a forward-looking claim must be "presently den[ied] an opportunity to litigate"); *Lewis*, 518 U.S. at 353 (holding

that an inmate bringing a forward-looking claim must point to a "nonfrivolous legal claim [that is] being frustrated [or] impeded").

Here, Petitioner has already filed a 129-page habeas petition. (*See* ECF No. 1.) Additionally, he has also filed a 24-page opposition to Respondent's motion to dismiss, which is now fully briefed and ready for adjudication. (*See* ECF No. 27.) Because Petitioner filed his opposition to the motion to dismiss on December 1, 2021, he cannot show that he is currently being prevented from preparing further pleadings in his case. At present, Petitioner simply explains that he "been continuously quarantined [as a result of the ongoing global pandemic], continuously denied law library access and caselaw, and denied access to his own legal work product and reference books." (ECF No. 34 at 1.) These generalized claims regarding the present day do not directly relate to his ability to file a specific document, and, in any event, nothing is due to be filed. Moreover, he cannot show he has suffered any actual injury since he has been able to file an opposition to the pending motion to dismiss. Based on the foregoing, the right of access to courts does not support Petitioner's request at this time.

For the foregoing reasons, Petitioner's current motion is DENIED.

**IT IS SO ORDERED.**

DATED: January 28, 2022

Hon. William V. Gallo
United States Magistrate Judge