**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　　　　　　Respondent. | Case No. 21-cv-1443-MMA (WVG)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND REQUEST FOR JUDICIAL NOTICE**<br><br>[Doc. No. 43] |

　　　On August 9, 2021, Petitioner Pedro Rodriguez ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On February 7, 2022, Petitioner filed a motion to appoint counsel. *See* Doc. No. 40. On February 14, 2022, the Court issued an order denying without prejudice Petitioner's motion to appoint counsel. Doc. No. 42 (the "Order"). Petitioner now seeks reconsideration of the Order. Doc. No. 43. Respondent has not filed an opposition to date. *See* Docket. On March 17, 2022, Petitioner filed a request for judicial notice. *See* Doc. No. 44. For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration.

# I. MOTION FOR RECONSIDERATION

## A. Legal Standard

Given Petitioner requests review of a non-dispositive order issued by a magistrate judge, he is a *pro se* litigant, and the motion for reconsideration was filed less than fourteen days after the Order was issued, the Court construes Petitioner's motion for reconsideration as an objection under Federal Rule of Civil Procedure 72. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy."); CivLR 72.3.f; *see also United States v. Boyce*, No. CV 13-00601 MMM (JEMx), 2014 WL 7057240, at *1 (C.D. Cal. May 2, 2014); *Willard v. Sebok*, No. CV 13-02251-MMM (RNB), 2014 WL 12966930, at *3 (C.D. Cal. Feb. 6, 2014).

Pursuant to Rule 72, a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)). "Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted). "When reviewing discovery disputes, however, the Magistrate [Judge] is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures,*

*Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

**B.  Discussion**

In a civil action, there is generally no right to appointed counsel. *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1957); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions."). A court, however, may appoint counsel under 22 U.S.C. § 2254 at its discretion when the petitioner is financially eligible and the court determines it is in the interests of justice to do so. 18 U.S.C. § 3006A(a)(2)(B); *see Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The Ninth Circuit has provided that indigent state prisoners who bring habeas corpus actions "are not entitled to appointed counsel unless the circumstances of a particular case indicate the appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). In some cases, the court "may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are 'exceptional circumstances.'" *Taa v. Chase Home Fin., LLC*, No. 5:11-CV-00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). In determining whether "exceptional circumstances" exist, the court must consider: (1) a petitioner's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In Petitioner's motion to appoint counsel, he makes four arguments in support of his request: (1) he is unable to afford counsel; (2) the case involves complex issues; (3) he has had no access to his own legal work product or the law library; and (4) he has

limited knowledge of the law. Doc. No. 40 at 1.[1] Judge Gallo found that these are insufficient grounds for appointment of counsel at this time. *See* Doc. No. 40 at 3. The Court will consider each ground for appointment of counsel in turn.

First, Petitioner argues that counsel should be appointed because he is unable to afford counsel. Financial hardship is not considered an "exceptional circumstance." *Montano v. Solomon*, No. 2:07-CV-0800, 2010 WL 24003389, at *2 (E.D. Cal. June 11, 2010); *see also Taa*, 2012 WL 507430, at *2. Thus, Petitioner's financial condition does not warrant appointment of counsel.

Second, Petitioner asserts that the case involves complex issues, so counsel should be appointed to represent him. The law generally provides that a showing of an ability to "set forth factual and legal basis for . . . claims in a straightforward and intelligent manner with sufficient clarity," thereby showing lack of significant complexity to exceed a *pro se* litigant's abilities, is not an "exceptional circumstance so as to justify an appointment of counsel." *Navarro v. Bach*, No. 04cv2013 J(AJB), 2008 WL 753959, at *1 (S.D. Cal. Mar. 19, 2008); *see also Dilbert v. Potter*, No. C 05-00087 MEJ, 2009 WL 196136, at *2 (N.D. Cal. Jan. 26, 2009) ("Plaintiff's literacy, intelligence, and competence, as evidenced in the motions Plaintiff has filed *pro se*, satisfy the Court that he is capable of articulating his claims in light of the complexity of the legal issues involved."); *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) ("LaMere's district court pleadings illustrate to us that he had a good understanding of the issues and the ability to present forcefully and coherently his intentions."). Here, as Judge Gallo correctly noted, Petitioner has vigorously litigated this case since its inception on August 9, 2021, which is demonstrated by his filings that include presenting facts and law while providing legal arguments to support his filings and his ultimate petition. *See* Docket.

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Thus, Petitioner has demonstrated that the case is not so complex so as to exceed his abilities to litigate them. Appointment of counsel is not warranted on this basis.

Third, Petitioner argues that counsel should be appointed because he has not had access to his own legal work product or the law library. Doc. No. 40 at 1; *see also* Doc. No. 42 at 1. He further asserts in his motion for reconsideration that he is in a room "with no natural light and a low wattage nightlight." Doc. No. 42 at 1. Petitioner additionally argues that he has exhausted all grievances "in regards to access to legal work product." *Id.* at 2. The law generally provides that appointment of counsel is not warranted if the petitioner shows a "grasp of his claims for habeas relief and that [the petitioner] is able to articulate those claims adequately." *Milan-Rodriguez v. Lynch*, No. 1:16-cv-01578-SAB-HC, 2016 WL 11607260, at *1 (E.D. Cal. Oct. 20, 2016); *see also Griffin v. Price*, No. 1:21-cv-01507-SAB-HC, 2021 WL 6051186, at *1 (E.D. Cal. Dec. 21, 2021); *Woodall v. Neotti*, No. 10-1127-BEN (WVG), 2010 WL 5114994, at *2 (S.D. Cal. Dec. 9, 2010). Here, Petitioner has made several substantive filings with the Court since this action's inception. *See, e.g.*, Doc. Nos. 1, 9, 16–17, 20, 24, 26–27, 30, 33–34, 40, 43–44. Petitioner's filings, most notably his most recent filings, largely include factual allegations, legal citations, and attached exhibits. The Court finds that these filings show Petitioner maintains some measure of access to legal resources and his own legal work product. Appointment of counsel on this basis is thus not warranted at this time.

Fourth, Petitioner argues that he has limited knowledge of the law, which supports appointment of counsel. Courts have generally held that lack of formal training in law is not a sufficient ground to necessitate appointment of counsel. *Taa*, 2012 WL 507430, at *2; *see also Harris v. Frauenheim*, No. 1:19-cv-01203-NONE-SAC-HC, 2021 WL 2778520, at *1 (E.D. Cal. July 2, 2021). In *Taa*, the court noted the "[p]laintiffs argue that they are unable to articulate their claims without counsel because of the complexity of their case, [and] their lack of legal training," among other arguments. *Taa*, 2012 WL 507430, at *2. However, the district court further noted that based on "a review of the

filings in the case thus far, however, [the p]laintiffs have not demonstrated that they are incapable of doing legal research, filing motions, or understanding the legal issues in their case." *Id.* In fact, the court acknowledged that "these are the types of difficulties many other litigants face in proceeding in *pro se*," and "difficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990); *Thompson v. Paramo*, No. 16cv951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018) ("Plaintiff claims that the factual and legal complexity of his case, combined with his limited ability to investigate and present his case, the need for discovery, his indigency, and his lack of legal training necessitate the appointment of counsel. However, these circumstances are typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to demonstrate 'exceptional circumstance' required to justify appointment of counsel." (citation omitted) (citing *Jones v. Kuppinger*, No. 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3–4 (E.D. Cal. Sept. 17, 2015))); *see also Montano*, 2010 WL 24003389, at *2; *Woodall*, 2010 WL 5114994, at *2 ("From the face of the Petition filed *pro se*, and from other documents that Petitioner has filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice." (citing *LaMere*, 827 F.2d at 626)). A *pro se* litigant does not demonstrate exceptional circumstances to warrant appointment of counsel when he shows an understanding of basic litigation procedure and is able to articulate his claims. *See Palmer*, 560 F.3d at 970. Here, Petitioner's limited knowledge of the law does not warrant appointment of counsel.

   Further, the Court finds that Petitioner's motion to appoint counsel is not warranted because the action is in the early stages of litigation, and only assertions in the Petition have transpired thus far. Because the case is at this early stage, the Court cannot find that Petitioner is likely to succeed on the merits. *See Bailey v. Lawford*, 835 F. Supp. 550,

552 (S.D. Cal. 1993) (denying a petitioner's motion for appointment of counsel because, in part, "he offered no evidence other than his own assertions to support his claims," so the court found it "difficult to determine at [that] time" his likelihood of success on the merits"); *Thompson*, 2018 WL 4357993, at *2.

The Court acknowledges the inherent difficulties a *pro se* litigant may face, especially while incarcerated. Federal courts have thus employed procedures to highly protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that federal courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that a *pro se* must "be liberally construed").

Viewing both "exceptional circumstances" factors together, Petitioner has not shown that he cannot articulate his claims *pro se* or a likelihood of success on the merits. Therefore, the Court **OVERRULES** the objections and arguments in Petitioner's motion. The Court finds the Order was neither clearly erroneous nor contrary to law. The Court thus finds that, in its discretion, the interests of justice do not require appointment of counsel at this time.[2]

## II. R<span>EQUEST FOR</span> J<span>UDICIAL</span> N<span>OTICE</span>

As an initial matter, based upon the request, it appears that Petitioner has had some difficulty accessing his legal work product while in the custody of the San Diego County Sheriff's Department, *see* Doc. No. 44 at 1–2, which he previously brought to the Court's attention, *see* Doc. Nos. 16, 34.

The Court reiterates that Petitioner is proceeding *pro se*—or propria persona—and in forma pauperis. *See* Doc. Nos. 2 (authorizing in forma pauperis status), 10 (acknowledging Petitioner's in forma pauperis status and only denying motion to proceed in forma pauperis **as moot** because this status had already been granted). Thus, the Court

---

[2] The Court notes that the motion to appoint counsel is denied without prejudice. *See* Doc. No. 42 at 4. *See generally Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).

-7-                                    21-cv-1443-MMA (WVG)

notes that Petitioner must be given all access and treatment—most notably access to the law library and legal work product—afforded to those who are incarcerated and proceeding *pro se*, propria persona, or in forma pauperis.

As to the request itself, Petitioner requests judicial notice "that the petitioner is housed in a cell with no light 24 hours a day at Vista Detention Facility the petitioner has no natural light either. The petitioner has a night light which emits 1 candle of light and petitioner can not read or write by." Doc. No. 44 at 1. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid 201(b)). Here, Petitioner's request for judicial notice does not fall into either category. Therefore, the Court **DENIES** Petitioner's request for judicial notice. It is important to note, however, that Petitioner's request for judicial notice does not change the Court's conclusion as to the motion for reconsideration because the information provided in the request is analogous to the information provided in both the motions for appointment of counsel and reconsideration, which the Court addressed above.

### III. CONCLUSION

Based upon the foregoing, the Court **DENIES** Petitioner's motion for reconsideration and, thus, **DENIES** Petitioner's motion to appoint counsel. The Court further **DENIES** Petitioner's request for judicial notice.

**IT IS SO ORDERED**.

Dated: April 8, 2022

HON. MICHAEL M. ANELLO
United States District Judge