UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                                 Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Warden,<br><br>                                Respondent. | Case No.: 21-CV-1443-MMA(WVG)<br><br>**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 20.]** |

On August 9, 2021, Pedro Rodriguez, a San Diego County prisoner proceeding *pro se*, ("Petitioner") filed a writ for habeas corpus pursuant to 28 U.S.C. section 2254. (Doc. No. 1.) Petitioner alleged his federal constitutional rights were violated when he was denied eligibility for parole under California Proposition 57 while he was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. No. 1 at 16.) On October 28, 2021, Officer Fisher[1] ("Respondent") filed a Motion to Dismiss Petitioner's Writ of Habeas Corpus. (Doc. No. 20.) Respondent contended Petitioner failed

---

[1] On January 12, 2022, Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation, was ordered to substitute as Respondent in place of Officer Fisher.

to raise a cognizable claim for habeas relief thus Petitioner's Petition is moot and should be dismissed. *Id.* On December 1, 2021, Petitioner filed an Opposition. (Doc. No. 27.) The Court has reviewed and considered Petitioner and Respondent's ("Parties") submissions and the underlying record. For the reasons discussed below, the Court recommends Respondent's Motion to Dismiss be GRANTED and Petitioner's Petition DISMISSED without leave to amend.

## I.   FACTUAL BACKGROUND

Petitioner is currently an inmate at Vista Detention Facility. (Doc. No. 41.) On June 15, 2015, in case SCn333477, a jury convicted Petitioner of eleven offenses involving unlawful sexual conduct with a minor, one count of burglary in violation of Penal Code section 459, and one count of witness intimidation in violation of Penal Code section 136.1 for attempting to dissuade the victim of his sex offense crimes from testifying at trial. *See People v. Rodriguez*, 25 Cal. App. 5th 1100 (2018). Consequently, on November 10, 2016, Petitioner was sentenced to a total of thirteen years and four months in prison with an additional one-year sentence enhancement. (*See* Doc. No. 1, Attachment B.)

After his conviction in case SCn333477, Petitioner was charged again through an amended information. (*See* Doc. No. 1, Attachment B.) On January 27, 2017, Petitioner was convicted of several additional felonies as well as several dozen misdemeanors including conspiracy to commit injurious acts and false statements. (*See id.*) The trial court imposed a determinate term of imprisonment to run consecutively with the remaining term of Petitioner's prior sentence. *See In re Rodriguez*, 66 Cal. App. 5th 952, 958 (2021).

On October 21, 2021, Petitioner filed a Notice of Change of Address notifying the Court of Petitioner's transfer from CDCR to the San Diego County Jail. (Doc. No. 14.) On October 22, 2021 and October 27, 2021, Petitioner subsequently filed two more Notices of Change of Address updating the Court of Petitioner's new addresses pursuant to his transfers between San Diego County Jail facilities. (Doc. No. 18 and 21.) On February 7, 2022, Petitioner filed his fourth Notice of Change Address notifying the Court of Petitioner's new address at the Vista Detention Facility. (Doc. No. 41.) Currently Petitioner

is an inmate at the Vista Detention Center under the jurisdiction of the San Diego Sheriff's Department. *Id.*

## II.   PROCEDURAL BACKGROUND

On December 1, 2016, following his initial conviction in state court case SCn333477, Petitioner appealed his conviction in the Fourth District California Court of Appeal. *Id.* at 2. In his appeal, Petitioner argued there was insufficient evidence to support his convictions for burglary and witness intimidation. *People v. Rodriguez*, 25 Cal. App. 5th 1100, 1103 (2018). The California Court of Appeal affirmed Petitioner's convictions finding there was sufficient evidence to support both his conviction for burglary as well as his conviction for witness intimidation. *Id.* at 1104.

Petitioner also appealed his subsequent convictions to the Fourth District California Court of Appeal relating to the amended information filed against him. *In re Rodriguez*, 66 Cal. App. 5th 952, 958 (2021). The California Court of Appeal reversed in part and remanded for resentencing. *Id.* (citing *People v. Rodriguez* (Sept. 19, 2018, D071948) [nonpub. opn.]). At resentencing, the trial court imposed a consecutive sentence and announced a single, aggregate term of imprisonment of fourteen years eight months for the two proceedings. *In re Rodriguez*, 66 Cal. App. 5th 952, 958 (2021). This decision was further upheld by the California Court of Appeal in *People v. Rodriguez*, July 17, 2020, D075890 ([nonpub. opn.]). The California Supreme Court denied review of this decision. *People v. Rodriguez* (Sept. 30, 2020, S264130).

Petitioner next filed a writ of mandate in Superior Court which the court later construed as a petition for habeas corpus. *In re Rodriguez*, 66 Cal. App. 5th 952, 958 (2021). The petition focused on Petitioner's one-year sentence enhancement the trial court initially imposed on him in case SCn333477 pursuant to section 667.5. *Id.* Because section 667.5 was later amended in 2019 to limit the application of prison term enhancements applied to certain sexually violent offenses, Petitioner argued he should benefit from the amended statute. *Id.* The trial court denied this petition based on the rationale that the amendment did not apply retroactively to Petitioner. *Id.* at 959.

Petitioner filed several additional petitions for writs of habeas corpus relating to his initial sentence enhancement before filing the current Petition in the instant case. For example, Petitioner filed two writs of habeas corpus in the California Court of Appeal. *Id*. at 959. In the first, the California Court of Appeal ordered an issue to show cause returnable in the trial court. *Id*. at 959 (citing *In re Rodriguez* (order to show cause issued Aug. 11, 2020, D077717)). The trial court denied relief. *Id*. In the second, the California Court of Appeal issued an order to show cause and ultimately denied the petition on the grounds that Petitioner failed to show the ameliorative amendment to section 667.5 applied retroactively to him. *See In re Rodriguez*, 66 Cal. App. 5th 952, 958 (2021).

On May 2, 2019, Petitioner filed his fourth petition for writ of habeas corpus in the Supreme Court of California. (*See* Doc. No. 1 at 79, Attachment J.) Petitioner raised Fourteenth Amendment equal protection and due process claims. *See id.* Petitioner argued his substantive and procedural due process rights were violated when he was (1) denied parole consideration and (2) denied the "right to be heard and provided a statement of reasons for denial of parole." (*Id*.) On June 11, 2021, Respondent filed an Informal Response as requested by the California Supreme Court, arguing the petition was moot as Petitioner was no longer excluded from nonviolent parole consideration under Proposition 57 and noted CDCR's denial of Petitioner's parole request was based on subsequent rule violations that altered Petitioner's earliest possible release date. *See id* at 76, 84-95. On July 14, 2021, the California Supreme Court denied Petitioner's writ of habeas corpus as moot. *Id*. at 127.

On August 9, 2021, Petitioner filed the instant Petition in United States District Court Eastern District of California. (Doc. No. 1 at 1.) On August 13, 2021, the Petition was transferred to the Southern District of California. (Doc. No. 5.)

### III.  LEGAL STANDARD

The Ninth Circuit will review a motion to dismiss a petition for writ of habeas corpus as a request to dismiss under Rule Four of the Rules Governing section 2254. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 2001). The Court will review the motion

to dismiss pursuant to its authority under Rule Four, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." USCS Sec. 2254 Cases R 4.

## IV. DISCUSSION

### A. Petitioner's Claim is Purely a Matter of State Law

Petitioner does not allege a cognizable federal claim, instead he asserts an error of state law. Under federal habeas review, claims of state law error are not cognizable. It is outside the scope of this Court's review to consider errors of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). In *Swarthout*, a California law created a liberty interest in parole. *Id.* at 220. However, the liberty interest was created by the state of California rather than the federal government. *Id.* No right existed under the United States Constitution for a convicted prisoner to be conditionally released before the expiration of a valid sentence. *Id.*

Petitioner argued he is entitled to habeas relief because he was excluded from nonviolent parole consideration under California's Proposition 57.[2] Here, if a liberty interest was created, it would have been created by the state of California, not by the federal government. Therefore, this Court should not determine whether Proposition 57 should be applicable to Petitioner.

Because there is no federal issue or constitutional violation, this Court should not entertain Petitioner's claim. Hence, the motion to dismiss should be granted.

### B. Petitioner's Claim for Relief Appears To Be Moot

Furthermore, Petitioner's claim for relief is moot. In order for a state prisoner to be entitled to federal habeas corpus relief, he must be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). If a petition only

---

[2] Proposition 57 was a California state proposition approved by California voters in November 2016, which allows some non-violent offenders to have early parole consideration if they had served the full term of their primary offense. Proposition 57 has been implemented into the California Constitution in Article I Section 32.

raises a violation of state law, then no federal claim has been presented, and consequently, the petition is subject to dismissal based on failure to state a claim. *O'Bremski*, 915 F.2d at 420. Article III of the Constitution "restricts federal courts to the resolution of cases and controversies," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008), and requires that "a justiciable case or controversy ... remain extant at all stages of review". *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (per curiam) (internal quotation marks omitted). The Supreme Court has recognized "[a] claim is moot, and the court is divested of its jurisdiction if a case or controversy no longer exists pursuant to Article III of the Constitution." *North Carolina v. Rice*, 404 U.S. 224, 246 (1971). More specifically, in cases involving inmates challenging their institutional confinement, the Ninth Circuit recognizes "once an inmate is removed from the environment in which he is subjected to the challenged policy or practice … he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).

Petitioner filed the instant Petition against Respondent "Officer Fisher" when he was housed at Valley State Prison. (Doc. No. 1.) However, Petitioner is no longer under the custody of Respondent. On October 21, 2021, Petitioner filed a Notice of Change of Address notifying the Court of Petitioner's transfer from CDCR to the San Diego County Jail. (Doc. No. 14.) Petitioner subsequently filed two more Notices of Change of Address on October 22, 2021 and October 27, 2021, updating the Court of Petitioner's new addresses pursuant to his transfers between San Diego County Jail facilities. (Doc. No. 18 and 21.) On February 7, 2022, Petitioner filed his fourth Notice of Change Address notifying the Court of Petitioner's new address at the Vista Detention Facility. (Doc. No. 41.) Currently Petitioner is an inmate at the Vista Detention Center under the jurisdiction of the San Diego Sheriff's Department. *Id*. Thus, Petitioner is under the custody of the County of San Diego, rather than the custody of the named Respondent, CDCR.

Petitioner also failed to demonstrate a reasonable expectation or probability he will again be subjected to the CDCR prison conditions from which he seeks habeas relief. Ninth

Circuit precedent supports the conclusion that habeas petitions should be considered moot once a prisoner is transferred to a different correctional facility from that which he is seeking habeas relief. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (basing this conclusion on the fact that the prisoner's claim is related to a facility where he is no longer housed).

Because Petitioner is no longer under the custody of Respondent but rather under the custody of the San Diego Sheriff's Department this Court should dismiss Petitioner's claim as moot.

### C. **Petitioner's Claim Also Does Not Fall Within the Core of Habeas Corpus**

In addition to the Petitioner's claim being moot, his claim is not within the core of habeas corpus. Respondent argued even if the Petitioner prevailed on his equal protection and due process claims arising out of his exclusion from nonviolent parole consideration, his success would not necessarily result in a speedier or immediate release from custody. (Doc. No. 20 at 3:13-14.) The Court agrees.

A state prisoner has two avenues for relief under federal law: a petition for writ of habeas corpus under 28 U.S.C. section 2254 or a civil rights complaint under 42 U.S.C. section 1983. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). However, a petition for writ of habeas corpus is the exclusive avenue for claims advanced by state prisoners that fall within the core of habeas corpus. *See id* at 934. Typically, challenges to the validity of confinement or to particulars affecting its duration fall within the scope of habeas corpus, whereas request for relief turning on circumstances of confinement may be presented in a section 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). When determining whether a prisoner's claim lies in habeas jurisdiction, courts consider whether success on the claim would "necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). More specifically, the Ninth Circuit has concluded that federal habeas jurisdiction only exists where the state prisoner's sought relief would "necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d at 935.

1    Petitioner argued California's Proposition 57 allows for his early release pursuant to
2 the California Supreme Court's decision in *In re Gadlin*, 10 Cal. 5th 915 (Cal. 2020.)³ *Id.*
3 Specifically, Petitioner argued his Fourteenth Amendment rights to substantive due process
4 and equal protection were violated because Petitioner was not treated the same as the
5 petitioner in *Gadlin*, who the court determined was eligible for parole consideration under
6 Proposition 57 because his prior sex offense crimes, though registerable, were considered
7 "nonviolent" per the language of Proposition 57. *See In re Gadlin*, 10 Cal. 5th 915, 920
8 (Cal. 2020). Petitioner argued his prior sex offense crimes are "nonviolent" and thus was
9 entitled to similar relief as the petitioner in *Gadlin* in the form of parole consideration under
10 Proposition 57. (Doc. No. 1 at 16.)

11    However, Petitioner did not argue consideration under Proposition 57 would lead
12 to his immediate or earlier release. He merely asserted he should have been eligible for
13 nonviolent early parole because the defendant in *Gadlin*, a "similarly situated" inmate who
14 sought habeas relief, was granted nonviolent early parole consideration because of
15 California's newly enacted Proposition 57. (Doc. No. 1 at 16.) Specifically, Petitioner
16 argued that even after the *Gadlin* decision, CDCR continued to exclude him from
17 nonviolent parole consideration because of his past Penal Code section 290 registerable
18 sex offense convictions, in violation of his Fourteenth Amendment rights. (Doc. No. 1 at
19 16-21).) But, even if Petitioner succeeded on his equal protection claim and this Court
20 found him eligible for nonviolent parole consideration under Proposition 57, Petitioner's
21 claim would still fall outside the core of habeas corpus as such outcome "would not
22 necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d
23 at 935. This is because Proposition 57 grants eligibility to prisoners convicted of nonviolent

---

³ In *In re Gadlin*, the California Supreme Court held that "nonviolent offender parole eligibility must be based on an inmate's current conviction" and further held that the California Department of Corrections and Rehabilitation's regulations, which excluded inmates from nonviolent parole consideration due to past or current nonviolent registerable sex offenses, are inconsistent with the California Constitution and thus invalid.

offenses for parole *consideration*. Thus, even if Petitioner were given a parole hearing under Proposition 57, he would not *necessarily* be granted parole and, therefore, would not satisfy the *Nettles* standard. Accordingly, Petitioner's claims do not lie in federal habeas jurisdiction.

Even if Petitioner was successful on his Proposition 57 claim, he would only be eligible for consideration for an earlier parole hearing and would not necessarily be guaranteed immediate release. Thus, Petitioner's claim does not fall within the core of habeas corpus and therefore does not fall within the jurisdiction of this Court.

### D. The Court Should Not Construe the Petition as a Section 1983 Action.

Petitioner's claim does not fall within the core of habeas corpus, and it further should not be construed by the Court as a civil rights section 1983 action.

The Supreme Court has recognized cognizable federal habeas petitions can also be read to plead causes of action under the Civil Rights Acts for "deprivation of constitutional rights by prison officials." *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Further, a district court may construe an incorrectly filed habeas petition as a section 1983 action "[i]f the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief." *Nettles*, 380 F.3d at 936. To do so, however, the court must notify and obtain "informed consent from the prisoner," which requires "warning [him or her] of the consequences of conversion and providing an opportunity for the [prisoner] to withdraw or amend his or her complaint." *Id*.

Here, the Court recommends declining to convert Petitioner's habeas Petition to a civil rights complaint for the following reasons. First, doing so would expose Petitioner to the provisions of the Prisoner litigation Reform Act (PLRA), which installed a variety of measures "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (citing *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015)). The PLRA provisions create financial differences between filing a habeas petition compared to filing a civil rights case. For example, the filing fee for a habeas petition is five dollars, and if leave to proceed in *forma pauperis* is

granted, the fee is forgiven. *Saffold v. Hartley*, 2016 U.S. Dist. LEXIS 132636. On the other hand, the PLRA provides that a $400 civil filing fee be collected even if the Petitioner qualifies to proceed in *forma pauperis*, and regardless of whether his action is ultimately dismissed, which "also applies to costs awarded against prisoners when they are judgment losers." *Se id*; *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 884, 847 (9th Cir. 2002). Thus, a prisoner who might be willing to file a habeas petition for a five – or potentially zero – dollar filing fee might feel otherwise about a civil rights complaint for which the $400 filing fee would be deducted from income to his account. *Saffold v. Hartley*, 2016 U.S. Dist. LEXIS 132636. Moreover, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. section 1915(g), which is not true for habeas cases. *Id*.

      Second, Petitioner has not named a proper civil rights defendant and it is unclear from his petition who he seeks to hold personally responsible for denying his Proposition 57 parole hearing. *See*, *e.g.*, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976))). Here, Petitioner vaguely alleged equal protection and due process violations resulting from his exclusion from Proposition 57 parole consideration while he was an inmate under CDCR custody. (*See* Doc. No. 1 at 16.) All of Petitioner's allegations in the instant Petition are directed toward the warden of the Valley State Prison, the CDCR facility in which he was previously housed. But, as discussed above, Petitioner is currently an inmate in the Vista Detention Center under the custody of the San Diego Sherriff's Department. (*See* Doc. No. 1.) Thus, if the instant Petition were construed as a section 1983 action, Petitioner's claim would fail to name the correct civil rights defendant and fail to contain allegations individualized to the duties and responsibilities of the individual who caused any constitutional deprivation – which under Petitioner's theory, would be actors of CDCR.

  Third, even if Petitioner named a proper civil rights defendant, his habeas corpus petition should not be construed as a section 1983 matter because he failed to make a showing of intentional discrimination by a named civil rights defendant. *See McDaniel v. Powell*, 2015 U.S. Dist. LEXIS 72622. In a section 1983 claim alleging a violation of equal protection, "a plaintiff must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." *Id*. Further, "a plaintiff alleging denial of equal protection under section 1983 must prove purposeful discrimination by demonstrating that he 'received different treatment from that received by others similarly situated' … and that the treatment complained of was under color of state law." *Van Pool v. San Francisco*, 752 F. Supp. 915, 927 (N.D. Cal 1990) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990); *West v. Atkins*, 487 U.S. 42 (1988)). Here, Petitioner's justification for his equal protection claim is based on the fact Petitioner Gadlin received early parole consideration under Proposition 57, however, Petitioner failed to show that he and Petitioner Gadlin are similarly situated individuals. Petitioner also failed to show CDCR – and now the San Diego Sheriff's Department – intentionally discriminated against Petitioner. In fact, the attachments accompanying Petitioner's Petition demonstrate CDCR had legitimate reasons for withholding parole consideration from Petitioner.[4] (*See* Doc. No. 1 Attachment J.) Similarly, the Petition fails to demonstrate any instances where the Sherriff's Department intentionally discriminated against Petitioner by excluding him from early parole consideration under Proposition 57.

---

[4] Petitioner received a Rules Violations on March 19, 2021, while he was still incarcerated in the CDCR facility. (*See* Doc. No. 1 Attachment J.) As a result of this Rules Violation, among other sanctions, Petitioner received a 90-day credit loss which altered his earliest possible release date from September 29, 2021, to December 28, 2021. (*Id*.) This delayed release date affected Petitioner's eligibility for parole consideration under Cal. Code Regs., tit. 15, § 3492, subd. (f)., which created a deadline for CDCR to consider newly eligible offenders: "offenders who become eligible under *In re Gadlin* and whose parole eligible date is on or before July 1 shall be referred to the Board by July 1, except for those offenders whose earliest possible release date is on or before November 1, 2021."

Thus, the Court should decline to convert Petitioner's habeas corpus claims to section 1983 claims.

### E. CONCLUSION

This Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the Petition be DISMISSED without leave to amend.[5]

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **August 23, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **September 6, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Defendant is ORDERED to serve a copy of this Report and Recommendation no later than three (3) business days from the date of this Order's issuance.

**IT IS SO ORDERED.**

DATED: August 9, 2022

Hon. William V. Gallo
United States Magistrate Judge

---

[5] Because Petitioner's claim is barred as a matter of law, leave to amend should be denied. *Accord Stephens v. Kunz*, No. CV19-1008-AB(KS), 2019 U.S. Dist. LEXIS 212017, at *10-11 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 212014 (C.D. Cal. Dec. 6, 2019) (dismissing prisoner's Proposition 57 equal protection claims without leave to amend).