**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PEDRO RODRIGUEZ,
Petitioner,
v.
KATHLEEN ALLISON, Warden,
Respondent.

Case No. 21-cv-1443-MMA (WVG)

**ORDER OVERRULING PETITIONER'S OBJECTION;**

[Doc. No. 54]

**ADOPTING REPORT AND RECOMMENDATION;**

[Doc. No. 51]

**GRANTING MOTION TO DISMISS;**

[Doc. No. 20]

**DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL;**

[Doc. No. 47]

**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On August 9, 2021, Pedro Rodriguez ("Petitioner"), a San Diego County prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (the

"Petition"). *See* Doc. No. 1. On October 28, 2021, Respondent filed a motion to dismiss the Petition. *See* Doc. No. 20. On August 9, 2022, Magistrate Judge William V. Gallo issued a detailed and well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant Respondent's motion and dismiss the Petition without leave to amend. *See* Doc. No. 51 at 12.[1] Petitioner filed an objection to the R&R. *See* Doc. No. 54. Respondent has not filed a reply. Upon due consideration and for the reasons set forth below, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the R&R, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the Petition without leave to amend.

## I. Requests for Judicial Notice

As a preliminary matter, the Court addresses Petitioner's requests for judicial notice contained within his objection to Judge Gallo's R&R. Judicial notice under Federal Rule of Evidence 201 permits a court to take notice of undisputed facts in matters of public record. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Petitioner seeks judicial notice of the Second Amended Civil Class Action Complaint in *Dunsmore, et al. v. State of California, et al.*, No. 20-cv-406-AJB-DDL, another case pending in this District. *See* Doc. No. 54 at 4, 13. Petitioner further requests judicial notice of the complaint and docket in a case he filed in the Central District of California, *Rodriguez v. Anderson, et al.*,18-cv-1181-JGB-AGR. *See* Doc. No. 54-1 at 24–83. The Court finds the referenced complaints and docket are proper for

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

judicial notice, as they are matters of public record and their authenticity is not subject to reasonable dispute. Accordingly, the Court **GRANTS** Petitioner's requests.

However, the Court only judicially notices the existence of these records. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("The court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."). Consequently, the Court **DENIES** Petitioner's requests to the extent he asks the Court to accept as true any potentially disputed facts contained within those records, such as the allegation within the *Dunsmore* complaint that the "Sheriff's Department Interferes with People's Access to the Courts." *See* Doc. No. 54 at 4, 13.

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). Pursuant to Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of any part of the magistrate judge's disposition to which a party has properly objected. *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III. DISCUSSION[2]

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus to a state prisoner if his custody status violates the Constitution or the laws or treaties of the United States. *See* 28 U.S.C. § 2254. Rule Four of the Rules Governing § 2254 states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[2] Judge Gallo includes a thorough and accurate report of the relevant background and proceedings, which the Court adopts and incorporates by reference herein. Petitioner does not object to Judge Gallo's account of the facts of the case and procedural background.

entitled to relief in the district court, the judge must dismiss the petition." Rule 4, 28 U.S.C. foll. § 2254.

Petitioner claims his current imprisonment violates the U.S. Constitution because he has not been considered for early parole despite his alleged eligibility under California Proposition 57.[3] *See generally* Doc. No. 1. Judge Gallo concluded that Petitioner fails to assert any violation of federal law. *See* Doc. No. 51 at 5–7. Judge Gallo further determined that Petitioner's claim is moot because he is no longer in custody of the California Department of Corrections and Rehabilitation, and that Petitioner's claim falls outside habeas corpus review. *See id.* at 7–9. Accordingly, Judge Gallo recommends the Court decline to construe the Petition as a section 1983 action and grant Respondent's motion to dismiss. *See id.* at 9–12. Petitioner objects to the R&R. *See* Doc. No. 54.

**A.  Petitioner's Claim Cannot Be Pursued in a Habeas Corpus Action**

*1.  Petitioner Does Not State a Constitutional Claim*

Petitioner must state that his custody status violates a federal right in order to be entitled to federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). If the petition fails to present a federal claim, the court may dismiss the petition for failure to state a claim. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 2001). A petitioner fails to state a federal claim if they only raise state law errors which do not lie within federal habeas corpus review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Here, Petitioner claims his due process rights have been violated through his improper exclusion from nonviolent parole consideration under California Proposition 57. *See* Doc. No. 1 at 16–21. Proposition 57 is a piece of state legislation, and thus its applicability to Petitioner is solely a state law issue. Therefore, Judge Gallo correctly concluded that because Petitioner's claim rests solely in state law, it does not fall within federal habeas review. *See* Doc. No. 51 at 5; *see also Swarthout*, 562 U.S. at 219.

---

[3] As Judge Gallo notes, Proposition 57 is codified in California law, Cal. Const, Art. I § 32. *See* Doc. No. 51 at 5.

In his objection, Petitioner again argues that his due process rights were violated and that he has been "denied a liberty interest, parole, regardless of Proposition 57" because of his "excessive draconian [prison] sentence." Doc. No. 54 at 7. However, a petitioner fails to state a federal claim if they simply allege a violation of the general notion of fairness or a federal procedural right. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). A petitioner has the burden of alleging specific facts that show the involvement of a federal right. *See O'Bremski*, 915F.2d at 420. Here, Petitioner cannot maintain a constitutional violation based on denial of early parole consideration, because Petitioner has no protected liberty interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout*, 562 U.S. at 220; *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (stating that there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. As stated above, Proposition 57 is purely a creature of state law, and deprivation of any rights that it creates therefore cannot be vindicated here. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that a state law issue cannot be transformed into federal law issue by merely invoking due process).

Accordingly, Judge Gallo correctly concluded that Petitioner's habeas claim fails due to his reliance on state law and failure to state a cognizable federal claim. *See* R&R at 5. Thus, the Court **OVERRULES** Petitioner's objection on this basis.

*2. Petitioner's Claim Falls Outside the Core of Habeas Corpus*

Further, a state prisoner's sole avenue to "[c]hallenge the validity of any confinement or . . . its duration" is a habeas corpus petition. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). If the habeas petition's success would not "necessarily lead to his immediate or earlier release from confinement, [the] claim does not fall within 'the core of habeas corpus.'" *Id.* at 935.

As noted above, Petitioner asserts that under Proposition 57, he is eligible for early parole consideration because his underlying convictions are nonviolent. *See* Doc. No. 1

at 16–21. However, even if Petitioner's contention is valid, he would only be entitled to a parole consideration hearing, not an immediate release from prison. *See Woods v. Pollard*, No. 21-cv-111-MMA (WVG), 2021 WL 4947641, at *3 (S.D. Cal. Oct. 25, 2021) (finding that because success of petitioner's claim would not necessarily lead to immediate or speedier release from custody, it falls outside the core of habeas corpus), *see also* Cal. Penal Code § 3051. Thus, as Judge Gallo correctly concluded, Petitioner's claim is not within the core of habeas corpus. *See* R&R at 7–9. In his objection, Petitioner does not present any new arguments—instead, he repeats arguments found in the Petition. *See* Doc. Nos. 1, 54. Accordingly, the Court **OVERRULES** Petitioner's objection on this basis as well and concludes that his claim falls outside the core of habeas corpus, providing an alternative reason to dismiss the petition.[4]

**B. Potential Conversion to Section 1983**

Petitioner did not specifically object to Judge Gallo's recommendation that this proceeding should not be converted to a section 1983 claim. *See* Doc. No. 54 at 12–15. As Judge Gallo noted, the Court has the discretion to convert a habeas case like Petitioner's to a civil rights case. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), overruled on other grounds by *Woodford v. Ngo*, 548 U.S. 81 (2006). However, the Court declines to do so in this case. "[A] habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 935–36 (citations and internal quotations omitted); *see also Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition

[4] Respondent also argues, and Judge Gallo agrees, that Petitioner's claim is moot. *See* Doc. Nos. 20 at 4, 51 at 5. Petitioner objects to this portion of Judge Gallo's R&R. Doc. No. 54 at 8. Having conducted a *de novo* review, the Court finds that it need not reach this issue because as discussed above, the claim is not cognizable and cannot be brought in a federal habeas proceeding.

into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters"). As the R&R notes, and the Court agrees, there are many signs demonstrating that construing the Petition as a civil rights claim is not appropriate. *See* Doc. No. 51 at 9–12. Therefore, the Court declines to construe this Petition as a section 1983 claim.

Accordingly, upon due consideration and after conducting a *de novo* review of the pertinent portions of the record, the Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss.

**C. Leave to Amend Would be Futile**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. "However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

The Court has determined that Petitioner's claim is barred as a matter of law. Because Petitioner cannot plead any additional facts to cure the defects outlined above, it would be futile to grant Petitioner leave to amend. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

## IV. MOTION FOR APPOINTMENT OF COUNSEL

On April 20, 2022, Petitioner filed a second motion for appointment of counsel. Doc. No. 47. A district court may appoint counsel to represent a habeas petitioner

whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* Because the Court is dismissing the Petition without leave to amend, and therefore, the interests of justice do not require appointment of counsel, the Court **DENIES AS MOOT** Petitioner's second motion for appointment of counsel.

## V. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). For the reasons set forth in the R&R and incorporated herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objection, **ADOPTS** Judge Gallo's R&R, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the Petition without leave to amend.[5] The Court further **DENIES AS**

[5] The Court only decides today that a habeas petition is the wrong vehicle for Petitioner to pursue enforcement of any federal rights he has as a result of Proposition 57. Although it is premature in this

**MOOT** Petitioner's motion for appointment of counsel, **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment in favor of Respondent and terminate this case.

**IT IS SO ORDERED**.

Dated: September 21, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

habeas action to decide whether Petitioner's claim could be stated under section 1983, this dismissal is nonetheless without prejudice to Petitioner filing an entirely new civil rights action asserting his challenges to the implementation of Proposition 57.