# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Warden,<br><br>　　　　　　　　Respondent. | Case No.: 21-cv-1443-MMA (WVG)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 60] |

　　　　On August 9, 2021, Pedro Rodriguez ("Petitioner"), a San Diego County prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (the "Petition"). *See* Doc. No. 1. On August 9, 2022, Magistrate Judge William V. Gallo issued a detailed and well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant Respondent's motion and dismiss the Petition without leave to amend. *See* Doc. No. 51 at 12.[1] On September 21, 2022, the Court issued an Order adopting Judge Gallo's R&R, granting Respondent's petition, and dismissing the Petition without leave to amend. Doc. No. 56. On September 30, 2022, Petitioner filed a Notice of Appeal. Doc. No. 58. On October 12, 2022, Petitioner filed the instant Motion

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

for Reconsideration regarding the Court's September 21, 2022 Order. Doc. No. 60 at 1. For the following reasons, the Court **DENIES** Petitioner's Motion for Reconsideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) authorizes courts to provide relief from judgment by motion. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994)). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." *Id.* (quoting *Bermingham*, 820 F. Supp. 2d at 856–57). This is because Rule 59(e) may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486–87 (2008); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (finding denial of a Rule 59(e) motion proper where the motion "presented no arguments that had not already been raised in opposition to summary judgment").

## RECONSIDERATION

As an initial matter, it is "a general rule, [that] the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood,* 127 F.3d 1187, 1189 (9th Cir.1997). The district court, however,

1  does retain jurisdiction to adjudicate post-judgment matters such as post-judgment
2  motions under Fed. R. Civ. P. 59.  *See Stone v. INS*, 514 U.S. 386, 402–03.  Therefore,
3  the Court finds that it has jurisdiction to consider the instant Motion for Reconsideration.
4      Here, Petitioner does not present any arguments relating to newly discovered
5  evidence or an intervening change in law.  Thus, Petitioner only appears to raise
6  arguments that fall under a challenge based upon clear error.  However, Petitioner does
7  not identify any specific error in the Court's September 21, 2022 Order.  Rather,
8  Petitioner appears to be in general disagreement with the Court's ruling and is attempting
9  to re-litigate matters already decided.  *See Westlands Water Dist.*, 134 F. Supp. 2d
10 at 1131.  These arguments are insufficient to alter or amend a judgment pursuant to Rule
11 59(e).  *Id.*  In an abundance of caution, the Court has reviewed its September 21, 2022
12 Order and the related filings on the docket and finds that it did not commit any clear error
13 in reaching its conclusions.

## CONCLUSION

15 For the foregoing reasons, the Court **DENIES** Petitioner's motion for
16 reconsideration.
17 **IT IS SO ORDERED**.
18 Dated:  October 17, 2022

HON. MICHAEL M. ANELLO
United States District Judge